**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| HANNO KAKOSCH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. 12-1951 (RCL) |
| PETER LOSCHER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter comes before the court on review of plaintiff's *pro se* civil complaint, application to proceed *in forma pauperis*, and motion to amend the complaint. The court will grant the application and motion and dismiss the complaint.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. *Id.* at 327. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such a finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff alleges that since 2001 he has been targeted in a series of threats, retaliations, and recruitment attempts orchestrated by an "organized crime group" he refers to as the "Holy West

Roman Empire of Bavarian-Catholic-Texas Nation." Compl. at 11; App. at 167-68, 171-72.

Plaintiff describes one such instance as follows:

> In Uzbekistan, after I had to switch off all mobile devices, Mr. Beil said the following to me: 'By your civic commitment you put many top people in politics and business, who are working for us, at risk. Do you not want to change sides and work for us? We can even blow up the World Trade Centre without anyone noticing who is really behind it. With the Siemens SBS department that was responsible for the entire IT of the World Trade Centre, we had access to all floors and they have simply been installing instead of software remotely controlled explosive devices. Work simply for us, we are almost undetected for a hundred years and are located in all major intelligence agencies, without anyone taking notice.'

App. at 140. The complaint further alleges that "the pyramid of the retaliation organization [is] led by Mr. W. George Bush [sic] from Texas," which plaintiff supports by pointing out that "the state of Texas, the home of President Bush has surprisingly a very similar nearly independent status in the U.S. as the state Bavaria has in Germany." *Id.* at 170.

With respect to *pro se* plaintiffs, a complaint is "'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Having reviewed plaintiff's complaint, it appears that its factual contentions are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. An Order consistent with this Memorandum Opinion issues this date.

Signed by Royce C. Lamberth, Chief Judge, on June 13, 2013.